IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Case No. 6:12-cv-1902-AA

    Plaintiff,                               OPINION AND ORDER

  v.

MALCOLM H. CLEMENT, JR, et al.,

    Defendants.
_____

AIKEN, Chief Judge:

    Plaintiff United States of America (the government) filed suit to reduce to judgment certain tax liabilities of defendant Malcolm H. Clement, Jr. (Clement) and to foreclose certain federal tax liens on parcels of property located in Douglas County, Oregon. In response, Clement filed a "Jurisdictional Challenge" and affidavit that the court construes as a motion to dismiss.[1]

_____

[1]Clement objects to the consideration of his challenge as a motion. However, his challenge must be construed as a motion or

1    - OPINION AND ORDER

In support of his jurisdictional challenge, Clement argues that he is a sovereign "nontaxpayer" and that the court lacks personal and subject matter jurisdiction in this case. Clement maintains that the Internal Revenue Code (IRC) does not apply to him or his property, because the IRC does not impose a tax on income, is based on contract, must be apportioned, and would otherwise subject him to peonage. Clement's contentions misconstrue the law and have been rejected repeatedly by numerous courts, including the Ninth Circuit.

First, the United States government may file suit against Clement to collect federal income taxes he has failed to pay, and the court has jurisdiction to enter judgment against Clement. See 26 U.S.C. §§ 6502, 7401-7403. Further, the government may file suit in the district where Clement resides or where the alleged tax liabilities accrued. 28 U.S.C. § 1396. It appears undisputed that Clement resides in Oregon, and the government has effectuated service on Clement. Docs. 6-7; Fed. R. Civ. P. 4(e); Or. R. Civ. P. 7D. Therefore, this court may assert personal jurisdiction over Clement.

Second, the Sixteenth Amendment, as codified by the IRC, authorizes a direct non-apportioned income tax on United States

---

request in order for the court to take action on it. Clement challenges the jurisdiction of this court; if such a challenge was successful, the case would be dismissed. Thus, the court construes Clement's challenge as a motion to dismiss.

2    - OPINION AND ORDER

citizens. See 26 U.S.C. 1(a); <u>Wilcox v. Comm'r of Internal Rev.</u>, 848 F.2d 1007, 1008 n.3 (9th Cir. 1988) ("[I]ncome may be taxed without apportionment under the Sixteenth Amendment."); <u>In re Becraft</u>, 885 F.2d 547, 548 (9th Cir. 1989) ("For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens."). Thus, every individual person who is a resident citizen of the United States must pay a federal tax on "all income from whatever source derived" and file an income tax return, where that income exceeds certain minimal levels. 26 U.S.C. § 61; <u>see also</u> 26 U.S.C. § 6012(a)(1).

Contrary to Clement's assertions, personal wages are encompassed by the IRC's broad definition of income. <u>See</u> 26 U.S.C. § 61; <u>see also</u> <u>Wilcox</u>, 848 F.2d at 1008 (holding that "wages are income") (citing <u>Carter v. Comm'r of Internal Rev.</u>, 784 F.2d 1006, 1009 (9th Cir. 1986)). Further, the federal income tax system is not based on contract, nor is it voluntary. 26 U.S.C. § 6012(a); <u>Wilcox</u>, 848 F.2d at 1008 (holding that "paying taxes is not voluntary"). Rather, each taxpayer who is required to file a return must pay the income tax owed on or before the date the return is due, without assessment, notice, or demand. 26 U.S.C. § 6151; <u>McLaughlin v. Comm'r of Internal Rev.</u>, 832 F.2d 986, 987 (7th Cir.

3    - OPINION AND ORDER

1987) ("The notion that the federal income tax is contractual or otherwise consensual in nature is not only utterly without foundation but . . . has been repeatedly rejected by the courts."). Finally, an income tax or the IRC does not force anyone to labor. See Kasey v. Comm'r of Internal Rev., 457 F.2d 369, 370 (9th Cir. 1972) (requirement to file a return is not a form of involuntary servitude); Del Elmer v. Metzger, 967 F. Supp. 398, 402 (S.D. Cal. 1997).

As such, courts have rejected as "frivolous" challenges to federal income tax laws such as those raised by Clement. See United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986); United States v. Jensen, 690 F. Supp. 2d 901, 914 (D. Alaska 2010). In fact, this area of law is so well settled that pro se litigants have been sanctioned for raising similar arguments on appeal. In re Becraft, 885 F.2d at 550; see also Studley, 783 F.2d at 937 n. 3 (9th Cir. 1986) ("[A]dvancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them"). Clement's arguments, regardless of how phrased, are similarly rejected here.

Also before the court is the government's motion for entry of default against defendant Diamond Hawk Property Management, LLC (Diamond Hawk). The government presents evidence that service was effectuated on this defendant through its registered agent, doc. 8,

4    - OPINION AND ORDER

and no answer or response has been filed. Clement objects to entry of default and states that he appeared on behalf of himself and Diamond Hawk. However, a pro se litigant cannot appear on behalf of a corporation or any other entity; a company such as Diamond Hawk must be represented by counsel. <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664-65 (9th Cir. 2008); <u>United States v. High Country Broadcasting Co., Inc.</u>, 3 F.3d 1244, 1245 (9th Cir. 1244). No licensed attorney has appeared on behalf of Diamond Hawk, and default shall be entered against it. <u>See</u> Fed. R. Civ. P. 55(a).

CONCLUSION

Defendant Clement's Jurisdictional Challenge (doc. 6) is DENIED, and the government's Motion for Entry of Default against Diamond Hawk Property Management LLC (doc. 13) is GRANTED. The Clerk is directed to issue an entry of default against Diamond Hawk Property Management LLC.

IT IS SO ORDERED.

Dated this 6th day of February, 2013.

_____
Ann Aiken
United States District Judge

5    - OPINION AND ORDER